Brady *v.* Spurck.

---

WILLIAM BRADY, Plaintiff in Error, *v.* GEORGE SPURCK, Defendant in Error.

ERROR TO PEORIA COUNTY COURT.

In an action upon covenants contained in a deed, brought by the last grantee of the land, he need not allege or prove that the intermediate assignees have kept their covenants.

A judgment in favor of the last grantee of land, against the original covenantor, upon the covenants contained in his deed, can be pleaded in bar to any action brought by an intermediate grantee.

The covenants of seizin and of power to sell are covenants *in presenti*, and if the grantor has no title when he enters into them, they are broken at once. They then become mere choses in action, and are not assignable at law.

The covenant of warranty is prospective, and runs with the land into the hands of all those to whom it may come by purchase or descent; and is broken only by an eviction, or something equivalent thereto.

A declaration upon the covenants in a deed averred the making of covenants of seizin, of power to sell, and of warranty, only; the breach included not only these, but also covenants against incumbrances and for quiet enjoyment. The defendant assigned as a ground for demurrer, that this one count set forth more than one cause of action. *Held*, that as all these causes of action were of the same nature and could be answered by one plea, they might be joined in one count. That these separate breaches were to be regarded as so many

distinct counts. That the demurrer being to the whole count, and one of the breaches being properly assigned, the demurrer should be overruled.

Several causes of action of the same nature may be joined in one count. The defendant can plead specially to each cause of action.

The rule as to joining causes of action is, that when the same plea may be pleaded, and the same judgment rendered on all the counts, they may be joined.

A quit-claim, or any other deed which is effectual to convey land, passes to the grantee the covenants running with the land, unless there be words in the deed limiting the conveyance.

In an action of covenant upon the covenant against eviction in a deed, the plaintiff alleged particularly the manner of his eviction, by showing the foreclosure of a mortgage given by the covenantor, and a sale under the decree. *Held,* that as it was not averred that a deed had been given under the decree, or that the time for redemption had expired, or that any actual eviction had occurred, a demurrer to the declaration should have been sustained.

The declaration in an action upon covenants in a deed of conveyance, claimed an eviction by showing the foreclosure of a mortgage given by the covenantor, and a sale under the decree, but did not show that any deed had been given under the sale, or that the time of redemption had expired, or that an actual eviction had occurred. *Held,* that if the plaintiff had removed the mortgage, the measure of damages would have been the amount so paid, provided it did not exceed the purchase money and interest—but as it did not appear that the plaintiff had paid off the incumbrance or had suffered any eviction, nominal damages only should be awarded.

THE declaration alleges, that Brady conveyed and warranted to Haskell, for consideration of $550, Lots 8, 9, and 10, in Block 3, Eastman's Addition to Peoria. Haskell, for $300, conveyed Lot 8 to Spurck; and for $500, Lots 9 and 10 to Grow; and Grow, for $25, same to Spurck.

Averments of breach of covenant, and eviction by paramount title. Further averments of mortgage from Brady to Eastman on said premises, and foreclosure for $287.42. Sale by master, and purchase by Eastman for $91.91½ for each lot.

A general and special demurrer to declaration was filed by defendant.

Special causes of demurrer are, that the declaration is double, and that declaration does not show that grantors of plaintiff warranted said premises, nor whether the said grantors have kept the covenants of the defendant.

Demurrer overruled; jury waived; assessment of $540 damages by the court.

Motion to set aside assessment—overruled, and final judgment.

The plaintiff below offered in evidence, the deed from Brady and wife to Haskell, warranty; deed from Haskell and wife to one George Spurcks, warranty; deed from Haskell and wife to Grow, warranty; deed from Grow to Spurck,

warranty, not sealed; and proceedings in case of *Eastman* v. *Brady*, in Peoria Circuit Court, to foreclose mortgage.

There was a motion by defendant below to set aside assessment, etc., for following reasons:

Evidence insufficient.

Finding not supported by evidence, and should have been for nominal damages only, and not for amount so found, etc.

Admission of deed from Brady to Haskell, to prove amount of damages.

No evidence of any actual eviction.

Motion overruled.

Assignment of errors is as folows:

The court below erred in overruling the demurrer of the said William Brady, to the declaration, and giving judgment for said George Spurck thereon.

In admitting improper evidence upon the assessment of damages.

In assessing the damages of the said George Spurck at $550, and afterwards refusing the motion of the said William Brady to set aside such assessment, etc.

And in giving judgment for the said George Spurck, and against the said William Brady.

BONNEY & ROUSE, for Plaintiff in Error.

M. WILLIAMSON, for Defendant in Error.

BREESE, J. This was an action of covenant. The declaration contains one count only, and upon the following covenants, contained in a deed from the defendant to William H. Haskell, the plaintiff claiming as the last covenantor through deeds of conveyance of the premises, from Haskell: "And the said William Brady covenants to and with the said William H. Haskell, his heirs and assigns, that he, the said William Brady, was then the true and lawful owner of the premises hereby granted, and had good right, full power and lawful authority to sell and convey the same in fee simple, and that he, the said William Brady, will covenant and forever defend the aforesaid premises, etc., to the said William H. Haskell, his heirs and assigns, against all lawful claims."

The breach is as follows: "And the plaintiff avers, that at the time of the execution of the deed to Haskell, said Brady was not lawfully seized in fee simple of the premises, nor had he then and there good right and lawful authority to sell and convey the same in manner aforesaid, nor could the said Has-

kell or the plaintiff, by force of said deed, lawfully possess or quietly enjoy the same free from all incumbrances, nor has he, the said Brady, warranted and defended the same premises to them, against all lawful claims whatsoever, but on the contrary thereof, the plaintiff says that at the time of the sealing and delivery of the deed, the paramount title and freehold in the premises was in other persons than the said Brady, by virtue of which paramount title, the said plaintiff was evicted out of, and kept out of the premises, and afterwards, to wit, on the fifth day of July, 1860, was evicted out of, and kept out of and from the said premises, and so the said Brady has not kept his said covenants, but has broken the same." The declaration then avers the existence of a mortgage on the property, executed by Brady before the execution of the deed to Haskell, proceedings in court to foreclose and sell, decree of foreclosure and sale, and a sale under the decree, and a purchase by one Eastman, of the premises, on the 7th July, 1860.

The defendant demurred generally to the declaration, and assigned special causes: first, that the declaration is double, containing two causes of action in one count; second, that the declaration does not show that the grantor of the plaintiff warranted the premises to him, " nor whether the said grantors have kept the covenants of the defendant."

Disposing of the last cause first, it will be observed that the suit is brought, not by an intermediate covenantee, but by the last assignee, and a judgment and recovery in his favor, could be pleaded in bar to any action any intermediate covenantee might bring against the first grantor or covenantor. So that it is not necessary that it should be alleged and shown, that they have kept their covenants with the defendant. They are not in the case. The plaintiff being the last assignee is the only person injured.

Upon the question of duplicity. The declaration sets out the defendant's covenants with Haskell, which were, that he was then the lawful owner of the premises, and had power to sell and convey in fee simple, and a general warranty. The breach is, that he was not lawfully seized in fee simple, nor had he good right and lawful authority to sell and convey the same, nor could said Haskell or the plaintiff lawfully possess or quietly enjoy the same free from all incumbrances, nor has the defendant warranted and defended the premises to them, against all lawful claims, but on the contrary he has been evicted by a paramount title.

The deed containing the covenants, is not before us, it not having been made a part of the record by oyer. The declaration before us avers the making a covenant of seizin, of power

to sell and of warranty only. The breach, includes not only these, but two others, on which the plaintiff has not counted, namely : a covenant against incumbrances and for quiet enjoyment. So far as the covenants of seizin and power to sell are concerned, they are covenants *in presenti*, and if the grantor had no title at the time he entered into them, they were broken as soon as made. They then became a mere chose in action, not assignable so as to enable the assignee to sue, at law, in his own name. *Furniss* v. *Williams*, 11 Ill. 229 ; Rawle on Covenants for Title, 285. But the covenant of warranty is prospective, and is understood to be broken only upon an eviction or by something equivalent thereto, and runs forever, with the land, into the hands of all those to whom it may subsequently come, by descent or purchase. The plaintiff could sue upon this, and the breach assigned upon it is well assigned. But could he join a breach of other covenants not in the deed, and which did not pass to him, with this covenant, as he has done?

The rules of correct pleading allow several causes of action of the same nature to be joined in one count, and a recovery had *pro tanto*. The defendant can plead specially to each cause of action. *Godfrey et al.* v. *Buckmaster*, 1 Scam. 456. Different actions cannot be joined in the same declaration. The rule is, that when the same plea may be pleaded and the same judgment rendered on all the counts, they may be joined. These distinct breaches are to be regarded as so many distinct counts, to which the defendant could plead specially, or they might be met by a general plea of covenants performed. The demurrer is general to all the breaches, and one of them being good—that on the covenant of warranty—the plaintiff must have judgment. This rule is so well settled as not to require a reference to authorities.

Upon the other point, that the declaration does not show that the conveyance of the lots to the plaintiff was by deed of warranty, we hold, that it matters not by what kind of deed the premises were conveyed. Any deed which would convey the land, would convey the covenants running with the land. A quit-claim deed is as effectual to convey land, as a deed with full covenants. *McConnel* v. *Reed*, 4 Scam. 121. Unless there be words in the deed limiting the conveyance. *Butterfield* v. *Smith*, 11 Ill. 486.

The other question made, is as to the assessment of damages. The defendant abided by his demurrer, asking no leave to plead over, and we must take the facts to be true as alleged, that the plaintiff was evicted by a paramount title. But the manner and quality of that eviction is alleged, and the de-

murrer reaches that also. It is a substantial part of the declaration, from which it appears, there has been no actual eviction, or attornment to the purchaser under the decree, or that the plaintiff has been turned out of possession, or even threatened to be turned out, or that there is an adverse title. Nor is there any averment that a deed has been made to such purchaser, or that he has any muniment of title by which he could oust the plaintiff. Nor is there any averment that the time of redemption had expired. Had the mortgage not been foreclosed, on the principle that the mortgagee is the owner of the. fee, he could have maintained ejectment and recovered the premises, but having resorted to a court of equity to foreclose and sell, can the purchaser under the decree without a deed, and before the time of redemption has expired, assert or set up a hostile title, to which the the plaintiff could, rightfully, and without suit, succumb? The covenant is not against incumbrances, but on an eviction, and from the plaintiff's own showing, we do not think there was an eviction, or anything equivalent to it. We cannot say, under the plaintiff's showing, that his title has been defeated, by a paramount legal right, and must hold, that the mortgage and proceedings under it was a mere incumbrance which the plaintiff might have removed, and then looked to the defendant for indemnity. If he had removed it, then the measure of damages would have been, not the purchase money and interest, which the court allowed, but the amount necessarily paid to remove the incumbrance, not, however, to exceed in any event, the purchase money and interest. The question then is, was not the court wrong, in measuring the damages? Clearly it was wrong. The facts do not make a case in which anything more than nominal damages should have been awarded, as there is an absence of proof that the plaintiff had paid off the incumbrance.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*