Willets *v.* Burgess.

# Wells Willets

*v.*

## Henry Burgess.

1. FAILURE OF CONSIDERATION — *what constitutes.* Where the consideration of a note is a deed for land executed by the payee to the maker, and covenants of seizin and against incumbrances therein contained, the simple breach of those covenants does not constitute a failure of the consideration of the note.

2. SAME — *and herein, when a purchaser of land may rescind the contract.* Where there is a covenant for the conveyance of title to land, and at the maturity of the note given for the purchase-money, the maker offers to perform his part of the contract, and the vendor is unable to convey title, then the purchaser may rescind the contract, avoid the payment of the note, and recover back such of the purchase-money as he may have already paid.

3. But where the consideration of the note is a conveyance and the covenants, the remedy of the grantee is upon the covenants, if there be a breach of them.

4. SET-OFF — *what constitutes.* Or, where the covenant which constitutes the consideration of the note, is a covenant against incumbrances, and the grantee pays off an incumbrance which is embraced in the covenant, he may set off the damages thereby sustained, in an action on the note. The giving of the covenant and the note would form but one transaction, and damages arising from a breach of the covenant are regarded as growing out of the contract, and may be set off against the note.

5. REDEMPTION BY MORTGAGOR — *how barred.* The mere fact that a mortgage declares that the title to the premises shall vest and become absolute in the mortgagee, if prompt payment be not made of the debt thereby secured, will not bar the right of redemption; that can only be done by a foreclosure.

6. MEASURE OF DAMAGES — *on breach of covenant against incumbrances.* On a breach of a covenant against incumbrances, the grantee can only recover such damages as he has actually sustained. If by it the title has failed, and the premises have been lost, he may recover to the full extent of the covenant; or, if he has removed the incumbrance, he may recover the sum paid for that purpose, unless it exceeds the limits of the covenant.

7. But if he has not been disturbed in the title, and has paid nothing to remove the incumbrance, he can only recover nominal damages for the breach. If, however, eviction has taken place, he may recover substantial damages.

8. EVICTION OF A SUBSEQUENT GRANTEE, *under a prior mortgage — its effect in divesting title.* An eviction of a subsequent grantee, under a prior mortgage, does not change the title to the property; it would still remain subject to redemption, and the title still in the subsequent grantee, subject to the mortgage.

9. EVICTION UNDER FORECLOSURE — *its effect.* But it would be otherwise should there be an eviction under a foreclosure, as then the title would be divested out of the subsequent purchaser.

APPEAL from the Circuit Court of Mercer County; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of assumpsit upon two promissory notes, commenced by Henry Burgess to the September term, 1863, of the Circuit Court of Mercer County, against Wells Willets. A summons was issued, service had, and defendant filed a number of pleas, amongst which is the fourth, which is in substance: that the sole and only consideration of the note in first count mentioned, was a certain deed, and the covenants therein contained, executed, &c., by plaintiff to defendant, Nov. 28th, 1862, in and by which plaintiff granted, bargained and sold to defendant certain lands in consideration of $4,000, and covenanted that he was lawfully siezed in fee simple of said premises, and that said premises were at the time free from all incumbrances.

The plea then averred that at the time when, &c., plaintiff was not well seized, and that said premises were not free from all incumbrances, but on the contrary, that at said time, &c., said premises were and still are incumbered by a certain deed of mortgage, made, &c., by one Mathews, plaintiff's grantor, to one Clarinda Willets, dated August 4, 1858, to secure two notes, &c.: that said deed provided that if said Mathews should not

pay said notes, &c., then said deed should become absolute, and said property should be vested in and belong to said Clarinda.

The plea then avers that plaintiff derived all his right, title and interest in and to said premises from said Mathews, by deed dated Nov. 3d, 1862.

That said mortgage deed to said Clarinda was filed for record and recorded, &c., long before said deed from Mathews to plaintiff was made.

That said notes to said Clarinda have never been paid, and that the title to said premises has become absolute in said Clarinda, under and by virtue of said mortgage, whereby the consideration of said note had wholly failed.

To this plea there was a demurrer which was sustained by the court, and defendant abided by his plea.

7th plea as amended is to 1st and 2d counts, and avers:

That the only consideration of the notes was the sale of the land in 2d plea described, and that afterwards on the 18th day of November, 1862, executed, &c., to defendant, a deed of the same in consideration of $4,000 (said notes being part of the same) and in and by said deed covenanted that he, &c., would warrant and defend the title of said premises against the lawful claims and demands of all persons.

That the sole and only title of said plaintiff to said premises was derived from P. B. Mathews, under deed of November 3d, 1862, and by no other claim of title whatever.

That long before said conveyance was made, to wit, on the 4th day of August, 1858, and while Mathews had the sole and only title in and to said premises, said Mathews conveyed the same to one Clarinda Willets, by deed, wherein he granted, bargained and sold to said Clarinda said premises, in consideration of $1,123.58, subject to the condition that said deed should be null and void, if said Mathews should pay said $1,123.95 as follows: $506.08, with interest at ten per cent., two years from date, and $561.20 with ten per cent., three years after date, according to the tenor and effect of two promissory notes, &c.

And the defendant avers that the same was filed for record in said county long before said deed from said Mathews to said plaintiff, and became and was a prior lien on said premises.

Defendant filed several other pleas, presenting, in substance, the same defense.

The plaintiff filed several replications to the different pleas of defendant, to which defendant demurred, and said demurrer was overruled to the 2d, 4th, 8th, 11th and 14th replications, and defendant (appellant here) abided by the demurrer.

The replications averred that plaintiff did not covenant in manner and form, &c., and were to five different pleas, which set up that the sole and only consideration of the notes sued on was a deed executed by plaintiff to defendant, and the covenants therein contained in and by which plaintiff granted, bargained and sold defendant certain lands, and covenanted that he had title and good right to convey, &c., and that the lands were not incumbered.

Defendant demurred to this and other similar replications, which was overruled by the court. A trial was had by a jury, who found a verdict in favor of plaintiff for $830.74.

Defendant entered a motion for a new trial, which was overruled by the court and an exception taken. The court then rendered judgment on the verdict. Defendant prosecutes this appeal to reverse that judgment, and assigns the following errors:

1. Court erred in sustaining the said demurrer to the said 1st amended (amended 4th) plea.

2. Court erred in overruling said defendant's demurrer to said 2d, 4th, 8th, 11th and 14th replications, and each of them.

3. Court erred in admitting improper evidence, offered by the said plaintiff below.

4. Court erred in overruling said motion for new trial.

5. Court erred in rendering the judgment aforesaid in manner and form aforesaid.

Messrs. GLOVER, COOK and CAMPBELL, for the appellants:

1. Now, we cannot see why this was not a good plea. It seems to us to come directly within the doctrine laid down in

32 — 34TH ILL.

*Gregory* v. *Scott,* 4 Scam. 392; *Slack* v. *McLagan,* 15 Ill. 249; *Tyler* v. *Young,* 2 Scam. 444; *Myers* v. *Ackman,* 2 id. 452; *Davis* v. *Mc Vickers,* 11 Ill. 329.

2. If plaintiff sought to put in issue the making of the deed, he must plead *non est factum,* and if he is party to the deed he cannot traverse its operation by pleading that " he did not grant," or that " he did not covenant." 1 Chit. Pl. 483, 487, 488, and cases cited in notes.

Messrs. J. R. and I. N. BASSETT, for the appellee:

There was no variance between the note offered in evidence by the plaintiff and the one declared on. 1 Chit. Pl. 310, 311; Chit. on Bills, 7th ed. 357.

The defendant below, in order to put the plaintiff upon proof of the execution of the instrument declared on, should have verified his plea by affidavit. Scates' Stat. 254; *Dwight* v. *Newell,* 15 Ill. 336; *Frye* v. *Menkins,* 15 id. 341.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Did the court below err in sustaining the demurrer to appellants' fourth plea? To that plea there were five several replications, to which a demurrer was overruled. The plea avers, that the notes sued upon were given for the purchase of lands described in the plea, and that the sole consideration for their execution was a deed of conveyance of the land, and the covenants it contained. That the land was conveyed for the sum of $4,000, for a part of which these notes were given. That the deed contained a covenant, that the grantor was lawfully seized in fee simple, and that the premises were free from incumbrance. That when the deed was made, appellee was not well seized, and the lands were not free from incumbrance, but were and still remain incumbered by a certain mortgage made by Mathews, appellee's grantor, to Clarinda Willets, to secure the payment of $1,123.98, one-half due in two years from the fourth of August, 1858, and the remainder in three

years from that date, the entire sum drawing ten per cent. interest. That the mortgage contained a provision, that if Mathews should fail to pay the notes, according to their tenor and effect, the title to the premises should be vested and become absolute in and belong to the mortgagee.

That appellee derived all of his right and title to the property from Mathews, by deed made subsequent to the mortgage. That the deed to Clarinda Willets was recorded before the deed of Mathews to appellee. That the notes secured by the mortgage, or either of them have not been paid, and the title to the premises has become absolute in Clarinda Willets, whereby the consideration of the notes has failed.

The averment in the plea is, that the the covenants in the deed formed the consideration of the notes sued upon in this action. It is specifically averred that the consideration was the deed and covenants it contained. It is obvious, that covenants for title are a consideration to support a promissory note. The deed and covenants were received and relied upon by appellant when he executed the notes. The contract was fully executed by appellee when he made the conveyance. The plea does not aver that the purchase of title to the land was the consideration of the notes, but it was the deed and covenants. If the covenants had been for the conveyance of the title, and at the maturity of the notes appellant had offered to perform his part of the contract, and appellee had been unable to convey title, then appellant might have rescinded the contract, avoided the payment of the notes and recovered any portion of the purchase-money already paid. The case of *Foster* v. *Jared*, 12 Ill. 451, sustains this doctrine.

In the case at bar, there is no pretense that there has been a rescission of the contract; no reconveyance of the land has been made or even offered by appellant. He has ample remedy on the covenants, if there has been a breach, for the recovery of all damages he may have sustained. Or if he had paid the mortgage, or any portion of it, he might have set off the damages thus sustained against the notes in this action. The giving of the covenant and the notes form but one transaction,.

and damages arising from a breach of the covenant, grow out of the contract and may be set off against the notes. *Sargent* v. *Kellogg*, 5 Gilm. 273; *Edwards* v. *Todd*, 1 Scam. 462; *Nichols* v. *Ruckells*, 3 id. 298; *Kaskaskia Bridge Co.* v. *Sherman*, 1 Gilm. 15. These cases in principle sustain such a defense.

The averments of the plea do not show a failure of consideration, but they do show a breach of the covenants, which were the consideration for the notes. But it does not even show that the title had failed. It appears that the title to the land rested in appellant, and there is nothing appearing that it has failed. It was incumbered, it is true; still, the title passed, and has not been divested. From anything that is shown, we do not perceive that anything prevents a redemption so as to free the title from incumbrance. The mere fact that the mortgage declared that the title should vest in the mortgagee, if prompt payment should not be made, could not bar a redemption. That could only be done by a foreclosure. For aught that appears, appellant may be in the peaceable possession of the premises, and may not ever sustain damages by reason of the incumbrance. On a breach of a covenant against incumbrances, the grantee can only recover such damages as he has actually sustained. If by it the title has failed, and the premises have been lost, he may recover to the full extent of the covenant; or, if he has removed the incumbrance, he may recover the sum paid for the purpose, unless it exceeds the limits of the covenant. But if he has not been disturbed in the title, or has paid nothing to remove the incumbrance, he can only recover nominal damages for the breach. If, however, eviction has taken place, he may recover substantial damages. The plea fails to aver that appellant has been evicted, or that he has paid anything on the incumbrance; and it follows that the breach is only technical, and if it was a plea of set-off, it would only be of nominal damages. For these reasons, we must hold the plea bad, and that the demurrer was properly sustained.

The other pleas in the case are in substance the same, except that they aver an eviction. But we have seen that the deed

and the covenants were the consideration, and it is not averred that the title has failed. The covenant has been broken, but appellant still holds the deed and the covenants, with the right to sue for their breach, or, if he choose, to set off the damages by a proper plea. But an eviction under the mortgage, without a foreclosure, does not change the title to the property. It would still remain subject to redemption, and the title still in appellant subject to the mortgage. But it would be otherwise if there had been an eviction under a foreclosure, as then the title would have been divested out of appellant, but still it would not have constituted a failure of consideration of the notes.

The replications to the several pleas, the demurrer to which was overruled, denied that appellee covenanted in manner and form as alleged in the pleas. That averment, had the pleas been otherwise sufficient, would have been material, and must have been proved when traversed, before appellant could have succeeded in his defense. If there was no such covenant, there could have been no breach. But even if the replications were not sufficient, they were good enough for the bad pleas to which they were filed. The other assignments of errors are not insisted upon, and we will not consider them. The judgment of the court below is affirmed.

*Judgment affirmed.*