# John C. McCord

*v.*

# William W. Crooker.

1. Practice—*refusing leave to plead after demurrer.* Where the plaintiff files with his declaration, under section 37 of the Practice Act, the requisite affidavit, and the defendant demurs, and his demurrer is overruled, the question whether the court abuses its discretion in refusing leave to the defendant to plead, depends on whether his affidavit accompanying his plea shows a substantial defense to the merits.

2. If the affidavit accompanying the plea proposed to be filed after the overruling of a demurrer to the declaration, does not show facts necessarily constituting a defense, the court is warranted in refusing leave to file the plea.

3. Same—*of defendant's affidavit of merits.* Where a defendant undertakes to set up, by affidavit, the facts relied on to sustain his plea, he will be held to the same strictness in matters of substance as in pleading.

4. Set-off—*expenses incurred to remove an apparent incumbrance on land bought.* Where real estate is bought under a warranty deed, and there is an apparent incumbrance found not satisfied of record, and the grantor proposes to allow the expenses of removing the same, a plea of set-off as to such expenses, to a suit upon notes given for the purchase money, which fails to show that the defendant accepted the offer and expended his time and money on the faith of it, and shows no consideration for the promise, and does not distinctly aver that the amount of the proposed set-off is then due and unpaid, is substantially defective.

5. Contract—*notes not void because given for too much.* The fact that notes are given for a larger sum than was agreed by the parties to be due for land purchased, does not render them void, but goes to the consideration, partially, and there may be a recovery *pro tanto.*

6. Common counts—*when recovery may be had under.* If a note given for the purchase money of land is held void for any cause, a recovery may be had, under the common counts, of the sum actually due.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of assumpsit, by appellee, against appellant, on certain promissory notes which the latter had executed to the former.

The declaration contained special counts on the promissory notes, and also the common counts.

Accompanying the declaration, appellee filed his affidavit, showing that there was $1800 due him, on account of the notes sued on, after deducting all just credits, demands and set-offs of appellant, together with interest, etc.

The appellant filed a general demurrer, which being decided against him, he asked leave to withdraw, and to file the plea of *non-assumpsit*, accompanied with a notice and affidavit, as follows:

"The above plaintiff will also take notice that the defendant, on the trial of this cause, will give in evidence and insist that the plaintiff, at the time this suit was commenced, was, and still is, indebted to the defendant in the sum of $500, for work and labor, and for money paid, laid out and expended by the defendant for the plaintiff, at his request, and under the circumstances set forth in the affidavit accompanying this plea and notice, and filed therewith, and that on the trial of this cause the defendant will set off the said sum so due and owing the defendant from the plaintiff, against any demand of the plaintiff which shall be proven on said trial.

SLEEPER & WHITON,
*Defendant's Attorneys.*

"John C. McCord, being first duly sworn, on oath, says that he is the defendant in the above action, and that he verily believes he has a good defense to said suit, upon the merits, to a portion of the plaintiff's demand, and according to the best of his judgment and belief, to the extent of $500, and the circumstances out of which the said partial defense (which deponent proposes to set off against the plaintiff's demand) arose, were as follows:

"Deponent, admitting the execution of the notes, copies of which are attached to the declaration in this cause, says they were made in connection with a trust deed, for a part of the purchase money on the purchase of certain real estate by this deponent from the said Crooker, but that said notes were made for fictitious sums, and said trust deed securing

said notes was for a fictitious amount, as will appear from the stipulation delivered to the deponent by said Crooker, at the same time that the deponent delivered to said Crooker the said notes mentioned in the notice attached to said declaration, and the other notes of the same series. Such stipulation was in the words and figures following:

" Chicago, *April* 25, 1873.

"This is to witness that John C. McCord has this day executed to me (secured by trust deed on property this day conveyed by me to him,) the following notes, bearing date this day, and interest, after due, at ten per cent:

"Note for $800, due October 25, 1873; note for $800, due April 25, 1874; note for $800, due October 25, 1874; note for $800, due April 25, 1875; note for $800, due October 25, 1875; note for $800, due April 25, 1876; note for $800, due October 25, 1876; note for $800, due April 25, 1877; note for $20,000, due April 25, 1877.

" Now if the said McCord shall pay $4000 in one year, $3000 in two years, $3000 in three years, and $5000 in four years, with interest semi-annually at eight per cent, on all sums of said $15,000 from time to time remaining unpaid, then I agree to surrender to said McCord all the said enumerated nine notes for $20,000 of principal, and semi-annual installments of interest thereon at eight per cent, there being due me really only $15,000 of the amount mentioned to be paid on said notes.

(Signed,) Wm. W. Crooker.

" And the defendant says that the real sum unpaid by him on the said purchase from the said Crooker was $15,000, and not $20,000, as is falsely made to appear by the notes mentioned in the said notice attached to said declaration, and that such notes were made for such enhanced sum merely to create a penalty to enforce against this deponent, if he should not pay such purchase money as rapidly as set forth in said stipulation, and so this deponent insists that said notes being invalid for their full amount, the said Crooker can not purge their invalidity as notes, by voluntarily remitting from them in this

action, and so collect upon notes which have no existence, instead of the notes referred to in his said notice attached to his said declaration, but this deponent claims that said Crooker has no remedy at law on any of the said fictitious notes, and is limited to foreclosing the said trust deed for the collection of his unpaid purchase money, as a court of equity may find the amount due to be.

"But deponent further says, that if an action at law can be sustained by said Crooker upon the said fictitious notes, yet deponent claims a set-off as aforesaid, to the said amount of $500, by reason of the following facts, viz: After deponent had made his aforesaid purchase of land from the said Crooker, and taken from the said Crooker a warranty deed for the same, it appeared, from the abstract of title thereto, that such land was subject to an apparent incumbrance, by mortgage, in favor of a party who was afterwards ascertained to reside in Boston, Mass. When this defect in the title appeared, the said Crooker being liable to deponent, upon his covenants against incumbrance in the said deed, and bound to protect deponent from all loss growing out of said apparent incumbrance, proposed to deponent that he, deponent, should hunt up the holder of such apparent incumbrance, and procure a release thereof, on the best terms possible, and that for so doing, he, the said Crooker, would pay this deponent the expenses attending the business, and a reasonable sum for deponent's time and trouble, if he was successful.

"And in pursuance of this proposal, deponent, after considerable inquiry, discovered the place of residence of the said holder of the said apparent incumbrance, in Boston, aforesaid; and secured from him a release of such apparent incumbrance, which was voluntary on the part of the holder, it turning out that such apparent incumbrance had in fact been paid some time previously, though not discharged of record.

"But before deponent succeeded in finding said holder of said apparent incumbrance, he was detained at hotels in Boston several days, and deponent's actual expenses on said journey, before his return, were near $200, and deponent believes that

the further sum of $300 would be only a fair compensation
for deponent's services and loss of time in that behalf.

JOHN C. McCORD."

But the court refused to allow the demurrer to be with-
drawn, and the plea and notice filed, and appellant excepted,
and thereupon the court gave judgment in favor of appellee,
against appellant, for the amount of his damages, which were
assessed at the sum of $1910, as well as for costs of suit.

Messrs. SLEEPER & WHITON, for the appellant.

Messrs. HOLDEN & MOORE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Whether the court abused the discretion with which it was
invested, in refusing to allow appellant to plead over, after
the demurrer was overruled, depends entirely, in our opinion,
whether the appellant was thereby deprived of interposing a
meritorious and substantial defense to appellee's cause of ac-
tion, which he was ready and offered to interpose without
material delay to the court.

If the defense proposed to be made did not go to the merits
of the case, but was not well taken, or was purely technical
in its character, we are aware of no authority which would
warrant us in holding that the court had abused its discretion
in refusing to listen to it.

Appellee having filed an affidavit with his declaration, in
conformity with the 37th section of the Practice Act, R. S.
1874, p. 779, to entitle appellant to plead to the declaration,
it was incumbent on him to accompany his plea with an affi-
davit of merits.

In the present instance, the affidavit accompanying the plea
proposed to be filed, undertakes to set up the facts constituting
the defense, and, as we have held in another case at the pres-
ent term, if those facts, as thus stated, do not necessarily pre-
sent a defense, the court is warranted in holding the affidavit
insufficient, and in refusing to allow the plea to be filed.

There is no dispute as to the amount actually due from the appellant to the appellee, on the promissory notes described in the declaration, which embody appellee's claim. The affidavit of appellant concedes this amount to be as stated in the affidavit of appellee, but he claims a technical defense that because the principal note was given for a larger amount than was agreed by the parties to be due, it is void and inadmissible as an instrument of evidence. We are not inclined to indorse the correctness of this position. The question would seem only to go to the consideration of the note partially, and in such cases it is well settled there may be a recovery on the instrument *pro tanto.* But if the position were correct, it would only prevent a recovery on the special count in which that note is declared on, and there might still be recovery under the common counts, of the amount actually due, about which, as before observed, there is no disagreement between the parties.

The only question, then, is, whether the proposed set-off of $500 is shown by the affidavit of appellant to have legal merit.

It is very clear, it can not be sustained as originating from damages sustained by reason of a breach of covenant, because neither the existence nor breach of a covenant warranting such a claim is shown. *Willets* v. *Burgess*, 34 Ill. 494; *Vining* v. *Leeman*, 45 id. 246; *DeForrest* v. *Oder*, 42 id. 500.

Treating the claim as originating in a new and independent contract, there seem to be several objections not removed by the language of the affidavit. It is not shown there was any sufficient legal consideration for the promise of appellee. It does not appear that appellant accepted the offer of appellee, and, in good faith, expended his time and money upon the faith of it. Nor is it distinctly and positively alleged that the amount of the proposed off-set was then due and unpaid, which has been held essential in a plea of set-off. *DeForrest* v. *Oder, supra.* And we are of opinion, where the party undertakes to set up, by affidavit, the facts relied on to sustain his plea, he must be held to the same strictness in matters of substance as in pleading.

36—83d Ill.

We are, therefore, of opinion the court did not abuse its discretion, in refusing to ·allow the. proposed defense. The party has been denied no substantial defense; but even if he should have a meritorious claim, which, through inadvertence, he has failed to properly set up, he may sue upon it in an independent action.

The judgment is affirmed.

*Judgment affirmed.*