Ira McCord et al.

*v.*

Henry H. Massey.

*Filed at Ottawa January 15, 1895.*

1. COVENANT—*to convey by good and sufficient deed, construed.* A title free from incumbrances is called for by a covenant to convey by a good and sufficient warranty deed.

2. SAME—*right of dower in land is an incumbrance.* A right of dower in a third party, either inchoate or consummate, is an incumbrance, within the terms of a covenant to convey by good and sufficient warranty deed.

3. EVIDENCE—*burden of proof is on party asserting breach of covenant.* The burden of proof is on the party asserting damage from breach of covenant of title, both to show the amount paid to buy in an incumbrance, and to show that such amount was the reasonable value of the interest acquired.

4. SAME—*proof, simply, of amount paid is not sufficient.* The damage sustained by the covenantee through the breach of a covenant against incumbrances is not established by proof of the amount paid to discharge an inchoate right of dower.

*McCord* v. *Massey*, 51 Ill. App. 186, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

On the first day of September, 1890, a written agreement between appellants and appellee was entered into, under the terms of which appellee agreed to sell to appellants certain land, and convey the same to them or their assigns by a good and sufficient warranty deed conveying good title to the same, for the price and consideration of $17,000, a part of which was to be paid cash in hand and a part thereof to be in deferred payments. Appellants paid the cash required and delivered certain notes, which were accepted by appellee, and also sold a certain lot. The amount of the consideration paid aggregated over $10,900. In the chain of title under which appellee claimed was a deed of trust made by one William Duhn, and a sale by the trustee was made of the land, which included that which is the subject matter of this controversy. At the time of making that deed of trust William Duhn was married, and he, with his wife, was still living at the time of the trial of this cause. Appellants, learning of the fact that an inchoate right of dower existed in the wife of William Duhn, requested appellee to procure a release of the same. That request not being complied with, appellants procured a conveyance of the interest of Mrs. Duhn to be made to appellee, for which they paid the sum of $5500, as recited in the deed. Appellee brought suit to recover the residue of the purchase money of said premises, and appellants sought to set off against his demand the amount so paid for the inchoate right of dower. The cause was tried before the judge, without a jury, and the court entered a finding and judgment for the plaintiff in the sum of $6916.13, allowing no set-off, to which the defendants excepted. At the time of the execution of the written agreement appellee had knowledge of the existence of the inchoate right of dower. No evidence was offered as to damage sustained by the appellants by reason of the breach of covenant, further than the amount paid to acquire that interest. The Appellate Court affirmed the judgment of the trial court.

Campbell & Custer, for appellants.

Runyan & Runyan, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

Appellee, by his written agreement, covenanted with appellants that he would convey to them or their assigns, by a good and sufficient warranty deed, a good title to the land in the agreement described. A compliance with that covenant would require appellee to convey to appellants or their assigns a title free from incumbrances. (*Thompson* v. *Shoemaker*, 68 Ill. 256; *Morgan* v. *Smith*, 11 id. 194; *Brown* v. *Cannon*, 5 Gilm. 174; *Carpenter* v. *Bailey*, 17 Wend. 244.) A right of dower is an incumbrance, within the terms of that covenant, and it is immaterial whether that right of dower is inchoate or consummate. *Russ* v. *Perry*, 49 N. H. 547; *Carter* v. *Denman's Exrs.* 3 Zabr. 260; *Porter* v. *Noyer*, 2 Greenl. 22; *Jones* v. *Gardner*, 10 J. R. 266; *Prescott* v. *Trueman*, 4 Mass. 627; *Walker's Admr.* v. *Deaver*, 79 Mo. 664; *Bigelow* v. *Hubbard*, 97 Mass. 195; *Shearer* v. *Ranger*, 22 Pick. 447.

A right exists in the covenantee to remove an incumbrance where it is certain in amount, and he may pay off and discharge the same, and where he does so, and his deed contains a covenant against incumbrances, he may set off such sum as it was fairly and reasonably necessary to pay for such purpose, against the amount due for the purchase money of the premises. *Grant* v. *Tallman*, 20 N. Y. 141; *Willets* v. *Burgess*, 34 Ill. 494; *Sargeant* v. *Kellogg*, 5 Gilm. 273; *Edwards* v. *Todd*, 1 Scam. 462; *Kaskaskia Bridge Co.* v. *Shannon*, 1 Gilm. 15; *Nichols* v. *Ruckells*, 3 Scam. 298.

Whilst there is some conflict in the decisions of the various States on the question as to whether the right of recovery or set-off by a grantee, with covenants against incumbrances in his deed, exists to the extent of the sum actually paid by him, the great weight of authority sus-

tains the view that the burden of proof is on such grantee, not only to show the amount paid, but that such amount was the reasonable and fair value of the interest acquired. (*Grant* v. *Tallman, supra; Guthrie* v. *Russell,* 46 Iowa, 269; *Farnum* v. *Peterson,* 111 Mass. 148; *City of St. Louis* v. *Bissell,* 46 Mo. 157; *Anderson* v. *Knox,* 20 Ala. 156; *Pate* v. *Nutehill,* 23 Ark. 590; Devlin on Deeds, secs. 918, 919.) A limitation always exists, however, as to the amount recoverable for a breach of the covenant against incumbrances, as the amount recoverable is never allowed to exceed the amount of the purchase money, with interest thereon. (*Willets* v. *Burgess, supra; Brady* v. *Spurck,* 27 Ill. 478.) Where the breach of such covenant results from a mortgage, judgment or attachment, or other incumbrance that the grantor has a right to remove, but slight embarrassment can result in determining the amount that should fairly and reasonably be paid to remove the same. But where it is of that character that it is not removable as a matter of right, at the option of the parties to the agreement, such as dower and the like, the law provides a remedy by damages to be awarded for the proximate results of such breach. Such damage is not to be determined by the action of one party to the covenant, and the proof of damage must be made in accordance with legal principles, and the burden is on the party asserting such damage, where more than merely nominal damage is sought to be recovered. There is no proof in this record as to the damage sustained by reason of a breach of covenant, further than the mere fact as to the amount paid for the execution of the deed conveying the inchoate right of dower. That evidence was not sufficient to authorize a set-off to be allowed by the trial court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Bailey, J., dissenting.