## Joe Meyers et al., Appellants, v. Joe Veres et al., Appellees.[*]

1.  COVENANTS—*when that against incumbrances broken.* The covenant against incumbrances, being *in praesenti* that the premises are free of incumbrance, is broken, if at all, the moment it is made.

2.  COVENANTS—*when those of seizin and right to convey broken.* Covenants of seizin and good right to convey, being *in praesenti,* are broken as soon as made if the covenantor has not title.

3.  DAMAGES—*breach of covenant against incumbrance.* On breach of covenant against incumbrance, the grantee can recover the damages actually sustained and if he has removed the incumbrance the sum paid therefor.

[*] Received from clerk of Appellate Court, August 8, 1927.

4. COVENANTS—*when grantee may sue for breach of incumbrance covenant.* A grantee need not wait until he is evicted under an outstanding incumbrance on the land but may satisfy it and then resort to an action of covenant against incumbrance to recover damages.

5. DAMAGES—*burden of proof on breach of covenant against incumbrance.* The grantee has the burden of proof to show the amount he paid to remove an outstanding incumbrance and that such sum was the reasonable and fair value of the interest acquired, in his action for damages for breach of a covenant against incumbrance.

6. DAMAGES—*what not recoverable for breach of incumbrance covenant.* The amount allowed a grantee for damages for breach by the grantor of a covenant against incumbrances, in case of payment by the grantee to remove the incumbrance, should not exceed the amount paid with interest thereon.

7. INSTRUCTIONS—*when error to refuse.* It is error for the court to refuse propositions of law correctly stating the law of the case, where no other propositions are submitted.

8. DAMAGES—*sufficient ascertainment for breach of covenant against incumbrance.* Although in a grantee's action for damages for breach of a covenant against incumbrances no showing is made that the sum the grantee paid for costs and attorney fees to remove the incumbrance was reasonable, the court will incline to consider the damages sufficiently ascertained in view of the stipulation of the parties that the grantee was required to pay such amount in order to remove the incumbrance.

Appeal by plaintiffs from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed November 15, 1923.

M. R. SULLIVAN, for appellants.

R. W. GRIFFITH, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action was brought by appellants against appellees before a justice of the peace to recover damages for an alleged breach of covenant against incumbrances. A trial was had in the justice court and an appeal was taken to the circuit court of said county. A jury being waived a trial was had before the court, resulting in a finding in favor of appellees and a judg-

ment was entered against appellants in bar of action and for costs. To reverse said judgment this appeal is prosecuted.

It was stipulated by said parties in substance as follows: That on June 3, 1920, Ferdinand Kraus and wife being the owners of Lot 19, Block K, First Addition to the City of Granite City, a lien was filed against the same, with other property owned by said parties, by the Internal Revenue Collector; thereafter Kraus and wife conveyed said premises by warranty deed to appellees, and on September 18, 1920, appellees conveyed said premises to appellants.

After the filing of said lien the government proceeded to advertise and sell said premises and on the sale bid the same in and a certificate of purchase was issued therefor. After the period of redemption had expired a deed was executed to the government and the same was filed for record.

It was further stipulated in effect that upon learning of said incumbrance plaintiffs employed counsel and a bill in equity was filed in the United States District court for the purpose of clearing said title of said incumbrance; that while said suit was pending a quitclaim deed was procured from the government.

It was further stipulated by said parties that plaintiffs "were required to pay out for costs and attorney's fees to remove said incumbrance, the sum of $235.00," and that the lien of the government was for $2,099.35. It was also stipulated that upon receipt of the deed from appellees, appellants went into possession of said premises.

It is the theory of counsel for appellees, as argued in his brief, that in order for appellants to show a right of recovery they must have been evicted or "something equivalent thereto." In other words, counsel insists that in order to recover appellants must prove a breach of the covenant of warranty and for the quiet

and peaceable possession of said premises, while appellants' counsel contends that this is a suit to recover for breach of the covenant against incumbrances.

A statutory warranty deed is a conveyance in fee simple "with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, * * * the quiet and peaceable possession of such premises. * * * And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed." Section 9 of the Conveyances Act, ch. 30, Rev. St. Ill., Cahill's St. ch. 30, ¶ 9.

The covenant against incumbrances is covenant *in praesenti* that the premises conveyed are free and clear of all incumbrances, and broken, if at all, the moment it is made. 2 Sutherland on Damages (3d. Ed.), sec. 621; *Brady v. Spurck,* 27 Ill. 478.

Covenants of seizin and of good right to convey are covenants *in praesenti,* and if the covenanter has no title, they are broken as soon as made. *Baker v. Hunt,* 40 Ill. 264; 2 Sutherland on Damages (3rd Ed.), secs. 591–592.

On a breach of covenant against incumbrances, the grantee can recover such damages as he has actually sustained; if he has removed the incumbrance, he may recover the sum paid. *Willets v. Burgess,* 34 Ill. 494; *Claycomb v. Munger,* 51 Ill. 373; 3 Washburn on Real Property, p. 402, secs. 21–22.

Where there is an outstanding incumbrance on the land, the purchaser need not wait until he is evicted but he may satisfy the incumbrance and then resort to an action of covenant against incumbrance to recover his damages. *Willets v. Burgess, supra; McConnell v. Downs,* 48 Ill. 271.

In *McCord v. Massey,* 155 Ill. 123, the court, in discussing a question of the character here involved at page 125, says:

"Appellee, by his written agreement, covenanted with appellants that he would convey to them or their assigns, by a good and sufficient warranty deed, a good title to the land in the agreement described. A compliance with that covenant would require appellee to convey to appellants or their assigns a title free from incumbrances. (*Thompson v. Shoemaker,* 68 Ill. 256; *Morgan v. Smith,* 11 id. 194; *Brown v. Cannon,* 5 Gilm. 174; *Carpenter v. Bailey,* 17 Wend. 244.) A right of dower is an incumbrance, within the terms of that covenant, and it is immaterial whether that right of dower is inchoate or consummate. *Russ v. Perry,* 49 N. H. 547; *Carter v. Denman's Exrs.,* 3 Zabr. 260; *Porter v. Moyer,* 2 Greenl. 22; *Jones v. Gardner,* 10 Johns. 266; *Prescott v. Trueman,* 4 Mass. 627; *Walker's Admr. v. Deaver,* 79 Mo. 664; *Bigelow v. Hubbard,* 97 Mass. 195; *Shearer v. Ranger,* 22 Pick. 447.

"A right exists in the covenantee to remove an incumbrance where it is certain in amount, and he may pay off and discharge the same, and where he does so, and his deed contains a covenant against incumbrances, he may set off such sum as it was fairly and reasonably necessary to pay for such purpose, against the amount due for the purchase money of the premises. *Grant v. Tallman,* 20 N. Y. 141; *Willets v. Burgess,* 34 Ill. 494; *Sargeant v. Kellogg,* 5 Gilm. 273; *Edwards v. Todd,* 1 Scam. 462; *Kaskaskia Bridge Co. v. Shannon,* 1 Gilm. 15; *Nichols v. Ruckells,* 3 Scam. 298."

The burden of proof, however, is on the grantee not only to show the amount paid, but that such amount was the reasonable and fair value of the interest acquired. *McCord v. Massey, supra,* page 126 and cases there cited.

The amount of recovery in such case is never allowed to exceed the amount of the purchase money, with in-

terest thereon. *Willets v. Burgess, supra; Brady v. Spurck,* 27 Ill. 478; *McCord v. Massey, supra.* ·

Two propositions of law were submitted by appellants setting for the law of the case in substantial accord with the holding in the foregoing authorities. Both of said propositions were refused by the court. As no other propositions were submitted we hold the court erred in refusing the same.

The stipulation of the parties clearly discloses that the lien in question constituted a breach of the covenant against incumbrances, and as said covenant was a covenant *in praesenti* a right of action accrued in appellants' favor for the reasonable and necessary amount they were required to pay to remove the same. While the stipulation does not specifically state that the sum of $235 was a reasonable amount, it does say appellants were required to pay that amount in order to remove said incumbrance. We are therefore inclined to the opinion that under said stipulation the damages were sufficiently ascertained.

For the reasons above set forth the judgment of the court is reversed and said cause is remanded.

*Reversed and remanded.*