DONALD R. FECHTNER et al., Plaintiffs-Appellants, v. LAKE COUNTY SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.—(CHICAGO TITLE INSURANCE COMPANY, Defendant.)

(No. 74-125; ▉▉▉▉▉▉▉

Second District (1st Division)—October 24, 1975.

*Rehearing denied December 4, 1975.*

J. Robert Geiman and W. Clyde Jones, both of Peterson, Ross, Rall, Barber & Seidel, of Chicago, for appellants.

Daly & Daly, of Waukegan, and Joseph N. Sikes, of Grayslake, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Plaintiffs appeal from the dismissal with prejudice of Count I of their complaint for failure to state a cause of action. Count I was directed against the defendant, Lake County Savings and Loan Association (the Association) and sought damages for breach of the covenant against encumbrances contained in a warranty deed and attorney's fees. Count II

of the complaint, directed against the defendant Chicago Title Insurance Company, which is not a party to this appeal, is still pending in the trial court. The issues on appeal are whether Count I of the complaint states a cause of action; whether plaintiffs' motion for a judgment on the pleadings should be granted; and whether plaintiffs should be awarded reasonable attorney's fees.

In their complaint against the Association, plaintiffs alleged that plaintiffs Donald and Judith Fechtner were the purchasers under a contract to purchase certain realty and that the plaintiff, Timmer, was the holder of a note secured by a mortgage lien against the premises. Plaintiffs further alleged that the Association executed a warranty deed to the Fechtners in exchange for $15,087.74. Thereafter, the Chicago Title Insurance Company's commitment for title insurance showed five objections relating to judgments, totaling $10,519.76 against one Robert Geiger. Plaintiffs then prayed for judgment against the defendant Association in that amount or in an amount as will be required to satisfy the judgments against Robert Geiger, plus costs and attorney's fees. Attached to the complaint were, *inter alia,* a copy of the commitment for title insurance issued by the Chicago Title Insurance Company carrying an effective date of March 14, 1973, a copy of the warranty deed dated March 30, 1973, and a copy of the commitment for title insurance issued by Chicago Title Insurance Company carrying an effective date of April 13, 1973, showing five objections relating to judgments totaling in excess of $10,000.

Upon defendant's motion, the trial court dismissed Count I of the complaint with prejudice and made an express written finding that there was no just reason for delaying appeal therefrom. It is from this order that plaintiffs appeal.

Section 9 of the Conveyances Act (Ill. Rev. Stat. 1973, ch. 30, par. 8) provides, *inter alia,* that every deed in substantially the form as set forth in the statute includes a covenant on the part of the grantor to convey the land free from all encumbrances. The Association does not dispute that it issued a warranty deed to the Fechtners and that it thereby conveyed title to the property with a covenant that the property was free from valid encumbrances. It does contend, however, that plaintiffs failed to sufficiently allege in their complaint that the judgments are valid and subsisting; and that plaintiffs failed to allege actual damages. We need not decide whether plaintiffs sufficiently alleged the existence of valid and subsisting encumbrances since, even if such allegations were sufficient, we find that the complaint would then state a cause of action for mere nominal damages, as will be explained below.

The covenant against encumbrances constitutes a covenant *in*

*praesenti* and is breached, if at all, at the moment it is made. (*Meyers v. Veres* (1923), 245 Ill.App. 127.) This breach is, however, merely a technical one and gives rise to a cause of action for only nominal damages unless the covenantee has paid off the encumbrance, voluntarily or under compulsion, or has been evicted because of it. (*Willets v. Burgess* (1864), 34 Ill. 494; 20 Am.Jur.2d *Covenants, Conditions, Etc.* § 138, at 695-97 (1965).) One of the various reasons for this rule is that there is only a possibility that the covenantee will be disturbed in his possession and use of the property by the existence of the encumbrance, and he may not recover for running the risk of an uncertain injury.

■■ Since plaintiffs have not alleged that they have either discharged the encumbrances or have been evicted because of them, we find that their complaint, if stating a cause of action at all, stated an action for merely nominal damages. Since a judgment will not be reversed to enable a party to recover nominal damages only, (*Wadhams v. Swan* (1884), 109 Ill. 46), we therefore affirm the order of the trial court dismissing Count I of the complaint herein against Lake County Savings and Loan Association.

Affirm.

SEIDENFELD, P. J., and HALLETT, J., concur.