(No. 48158.-

DONALD R. FECHTNER *et al.*, Appellants, v. LAKE COUNTY SAVINGS AND LOAN ASSOCIATION, Appellee, *et al.*

*Opinion filed March 23, 1977.*

MORAN, J., took no part.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Owen Rall, J. Robert Geiman and W. Clyde Jones III, of counsel), for appellants.

Daly & Daly, and Joseph N. Sikes, both of Waukegan, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Donald R. Fechtner, Judith D. Fechtner and Harold E. Timmer, appealed from the judgment of the circuit court of Lake County dismissing with prejudice count I of the two-count complaint filed in their action against defendants, Lake County Savings and Loan Association (hereafter defendant) and Chicago Title Insurance Company. Count I was directed only against defendant; count II, directed against Chicago Title Insurance Company, remains pending in the circuit court and is not involved in this appeal. The circuit court found that there was no just reason for delaying enforcement or appeal (58 Ill. 2d R. 304), the appellate court affirmed (33 Ill. App. 3d 307), and we allowed plaintiffs' petition for leave to appeal.

In count I plaintiffs alleged that defendant, by warranty deed, conveyed to the plaintiffs Fechtner a parcel of real estate subject only to certain general taxes and other enumerated matters of record; that plaintiff Timmer is the holder of an installment note executed by plaintiffs Fechtner and secured by a trust deed recorded "as a mortgage lien against the premises"; that, subsequent to the recording of the warranty deed executed and delivered by defendant, Chicago Title Insurance Company issued its "Commitment for Title Insurance," which

showed as objections five judgments totaling $10,519.76 against Robert Geiger; that the judgments against Geiger "are a cloud on the title of the plaintiffs Fechtner *** and prejudices the mortgage and note held by plaintiff Timmer"; that plaintiffs have demanded of defendant that it "remove the Geiger judgments from the title to the premises"; that defendant refuses to remove the judgments or take steps to satisfy them; that the value of the real estate is reduced by the amount of the judgments and that plaintiffs Fechtner's title and plaintiff Timmer's mortgage are thereby prejudiced. The commitment for title, attached as an exhibit to plaintiffs' complaint, lists five judgments, two entered against Robert Geiger, two against Joyce Geiger, and one against both Robert and Joyce Geiger.

In affirming the judgment the appellate court said: "We need not decide whether plaintiffs sufficiently alleged the existence of valid and subsisting encumbrances since, even if such allegations were sufficient, we find that the complaint would then state a cause of action for mere nominal damages, as will be explained below.

The covenant against encumbrances constitutes a covenant *in praesenti* and is breached, if at all, at the moment it is made. (*Meyers v. Veres* (1923), 245 Ill. App. 127.) This breach is, however, merely a technical one and gives rise to a cause of action for only nominal damages unless the convenantee has paid off the encumbrance, voluntarily or under compulsion, or has been evicted because of it. (*Willets v. Burgess* (1864), 34 Ill. 494; 20 Am. Jur. 2d *Covenants, Conditions, Etc.* sec. 138, at 695-97 (1965).) One of the various reasons for this rule is that there is only a possibility that the covenantee will be disturbed in his possession and use of the property by the existence of the encumbrance, and he

may not recover for running the risk of an uncertain injury.

Since plaintiffs have not alleged that they have either discharged the encumbrances or have been evicted because of them, we find that their complaint, if stating a cause of action at all, stated an action for merely nominal damages. Since a judgment will not be reversed to enable a party to recover nominal damages only, (*Wadhams v. Swan* (1884), 109 Ill. 46), we therefore affirm the order of the trial court ***." 33 Ill. App. 3d 307, 308-09.

Plaintiffs contend that the judgments constituted encumbrances in violation of "the statutory warranty against encumbrances" and that the appellate court erred in holding that their complaint alleged, at most, a cause of action for nominal damages, and in refusing to remand for proof of damages. It is defendant's position that plaintiffs have failed to state a cause of action for the reason that they did not allege that the judgments were valid encumbrances upon the real estate. It contends, too, that the appellate court correctly held that plaintiffs did not state a cause of action for "substantive damages."

It was not alleged in count I that either Robert Geiger or Joyce Geiger was at any time the owner of an interest in the real estate which could be subject to the lien of the judgments of which plaintiffs complain. In its "Motion to Strike Complaint," however, defendant alleged "That Joyce Geiger and Robert Geiger, her husband, had a contract with the Lake County Savings and Loan Association, whereby Lake County Savings and Loan Association would sell, and the Geigers would purchase, the realty in question." Attached as an exhibit to plaintiffs' complaint is a copy of a deed by means of which Robert Geiger, described as divorced and not remarried, conveyed and quitclaimed to Joyce Geiger, his former wife, all of his interest in the real estate. Under these circumstances it

does not clearly appear from the pleadings that the judgments were not encumbrances upon the real estate.

Section 9 of "An Act concerning conveyances" (Ill. Rev. Stat. 1973, ch. 30, par. 1 *et seq.*) (the Conveyances Act) provided that a deed in the form executed by defendant "shall be deemed and held a conveyance in fee simple, to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed." (Ill. Rev. Stat. 1973, ch. 30, par. 8.) We have held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.*, 57 Ill. 2d 298; *Winnett v. Winnett*, 57 Ill. 2d 7; *Miller v. DeWitt*, 37 Ill. 2d 273, 287.) Upon consideration of the pleadings in the light of the covenants incorporated in the deed by reason of the statute we conclude that the circuit court erred in dismissing count I of the complaint.

Relying upon *Willets v. Burgess*, 34 Ill. 494, the appellate court held that the breach here, if any, was a technical one, giving rise to a cause of action "for only nominal damages unless the covenantee has paid off the encumbrance, voluntarily or under compulsion, or has been evicted because of it." (*Fechtner v. Lake County Savings & Loan Association*, 33 Ill. App. 3d 307, 309.) *Willets* was decided prior to the enactment of section 9 of

the Conveyances Act (see Laws of 1871, at 282, 284-85, sec. 9), and the opinion recites that it was pleaded "That the deed contained a covenant, that the grantor was lawfully seized in fee simple, and that the premises were free from incumbrance" (34 Ill. 494, 499). At that time section 11 of the Conveyances Act (Rev. Stat. 1844-45, ch. 24, par. 11) provided for warranties against encumbrances "done or suffered from the grantor" and "for quiet enjoyment against the grantor." The court said: "On a breach of a covenant against incumbrances, the grantee can only recover such damages as he has actually sustained. If by it the title has failed, and the premises have been lost, he may recover to the full extent of the covenant; or, if he has removed the incumbrance, he may recover the sum paid for the purpose, unless it exceeds the limits of the covenant. But if he has not been disturbed in the title, or has paid nothing to remove the incumbrance, he can only recover nominal damages for the breach. If, however, eviction has taken place, he may recover substantial damages." 34 Ill. 494, 500.

By reason of the statute defendant warranted against more than failure of title; it also warranted "the quiet and peaceable possession of such premises" and that it "will defend the title thereto against all persons who may lawfully claim the same." Although stated in the context of defining the term "merchantable title" in a contract for the sale of real estate, and therefore not precisely in point, we are of the opinion that a grantee under a warranty deed, except for the matters specifically enumerated therein, should be in much the same position as the purchaser described in *Firebaugh v. Wittenberg*, 309 Ill. 536. In *Firebaugh* the court said: "As a general rule, every purchaser of land has a right to demand a title which shall put him in all reasonable security against loss or annoyance by litigation. He should have a title which will enable him not only to hold his land but to hold it in peace, and if he wishes to sell it, to be reasonably sure that no flaw will

come up to disturb its market value. He has a right at least to a marketable title having no defects which would materially impair its marketable quality." 309 Ill. 536, 541.

In view of the provision of the statute enlarging the scope of the warranties we do not find *Willets* controlling. In our opinion there exists the possibility that more than nominal damages may be suffered even though plaintiffs have not been "disturbed in the title" or "paid nothing to remove the incumbrance." In so holding we do not indicate the nature or extent of such damages but hold only that if such damages were suffered, plaintiffs should be given the opportunity to plead and prove them.

Because it cannot be determined from this record that plaintiffs' recovery, if any, is limited to nominal damages, we do not reach the question whether the appellate court correctly held that assuming a right to recover nominal damages only, the cause should not be remanded to determine the amount. For the reasons stated the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Lake County for further proceedings.

*Reversed and remanded.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.