# WILLIAM VINING

## *v.*

## JOHN LEEMAN.

1. PLEADING. Pleadings must be construed most strongly against the pleader.

2. FAILURE OF CONSIDERATION. A purchaser of land, receiving a deed with covenants of title, cannot avoid the payment of promissory notes given for the purchase money, on the ground that the grantor had no title, if his possession has not been disturbed, nor the paramount title asserted.

3. A grantee cannot retain a title acquired from his grantor, though only colorable, and remain in undisturbed possession, and at the same time refuse to pay his notes given for the purchase money.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant, upon three promissory notes given for the purchase money of land.

The defendant filed a plea of *non assumpsit*, and three special pleas of failure of consideration. A demurrer was interposed to the special pleas, and sustained by the court. A trial was had, which resulted in a verdict for the plaintiff for $2,687.80. A motion for a new trial was overruled and judgment rendered upon the verdict.

The case was brought to this court by appeal.

The sustaining of the demurrer to the second, third and fourth pleas is assigned as error. The substance of the pleas is given in the opinion.

Messrs. ROFF & DOYLE and Mr. GEORGE R. JOINER, for the appellant.

Messrs. BLADES & KAY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action on certain promissory notes. The defendant pleaded the general issue, and three special pleas. The plaintiff demurred to the special pleas, and the demurrer was sustained. The only question presented by the record, is the ruling of the Circuit Court on the demurrer.

The first plea avers, that, on the 27th of November, 1865, the parties entered into a contract, by which it was agreed if Vining, the defendant in the court below, should, on the 5th of April, 1866, pay Leeman, the plaintiff, the sum of $1,000, and should give, at the same time, his three promissory notes — one for $2,000, payable July 1, 1866, one for $1,890, payable July 1, 1867, and one for the same amount, payable July 1, 1868 — then Leeman should execute to Vining, a deed of warranty for certain lands described in the contract. The plea further avers that Vining duly paid the $1,000, and gave his said notes, the first of which is the note on which this suit is brought ; and that the sole consideration of the note was the conveyance of

said land.   The plea then avers, that, on the said 27th day of November, 1865, and from thence to the time of filing said plea, said Leeman had no title to the land.   The other special pleas are substantially like the foregoing, except that the last plea avers also that the plaintiff fraudulently represented that he had title.

It is not denied in these pleas that Leeman made the deed, and the case is argued by both parties on the theory that the pleas admit the deed was executed.   But as the pleas must be construed most strongly against the pleader, we must consider them as also admitting that possession of the land was delivered with the deed, and that such possession has remained undisturbed.   This is a just inference as against the defendant, from the contract set up in his pleas, as it is not to be supposed he would have paid his money and executed his notes, without receiving the possession to which his deed entitled him.   The question then presented by these pleas, is, whether the purchaser of land, receiving a deed, with covenants of title, and giving his promissory notes therefor, can avoid their payment on the ground that the vendor had no title, the possession of the vendee having been undisturbed, and the paramount title not having been asserted.

The counsel for appellant rely on the case of *Slack* v. *Mc-Lagan*, 15 Ill. 242.   It may be remarked that the authorities cited in that opinion were cases in which the contract was executory, a deed not having been given.   It has often been decided by this court that, where the vendor has contracted to convey an indefeasible title, and is not able to do so at the appointed time, the purchaser is not obliged to accept his deed, and may successfully resist the payment of the purchase money. The case of *Slack* v. *McLagan* is the only one in our reports at all tending to a recognition of the same principle in the case of an accepted deed with covenants, and it will be found on examination, that the pleas now before us fall essentially short, as a defense, of those held good in that decision.   The court in that case held the eleventh and thirteenth pleas good.   The eleventh plea showed that the plaintiff, when he executed his

warranty deed to the defendant, held the land under a bond for a deed from a third person, conditioned for the execution of a deed upon the payment of the purchase money; that the plaintiff had failed to pay the money or procure a deed, and that the land had been sold under judicial proceedings in payment of the purchase money due the vendor of the plaintiff. The land was in Tennessee, where the judicial proceedings were had. The difference between that plea and the one we are now considering is very material. That plea showed the paramount title had been asserted since the note sued on was given, and that the interest in the land which the defendant had acquired by the plaintiff's deed had been divested by a judicial proceeding. The consideration of the note had thus failed. But the pleas in the present record show no assertion of the paramount title, nor any disturbance of the defendant's possession. The deed which he received from the plaintiff gave him at least a colorable title which, under our short statute of limitation, may soon ripen into an absolute bar against the paramount title. To hold these pleas good would work a most palpable injustice, since we should thus permit the defendant to retain possession of the land and enjoy the rents and profits under a title by means of which he may soon be able to protect that possession against all the world, and practically become the owner, and at the same time be absolved from the payment of his notes. We can not pronounce such a decision. The views here expressed are sustained by *Willetts* v. *Burgess*, 34 Ill. 494; *Deal* v. *Dodge*, 26 id. 460, and *Vincent* v. *Morrison*, Beecher's Breese, 227; see also *King* v. *Gilson*, 32 Ill. 355. This is also the rule generally adopted in the courts of other States. Rawle on Cov. 612; 2 Hilld. on Vend. 85, and cases there cited.

The third special plea presents substantially the same state of facts as the first and second, with an additional averment, that the plaintiff fraudulently represented himself to be seized of a perfect title. Under the views already expressed, the averment of fraud does not help the plea. It should also have averred an offer on the part of the defendant to reconvey the

land and deliver back the possession. There is no ground whatever upon which the defendant can retain the title acquired from the plaintiff, though only colorable, and remain in undisturbed possession, and at the same time refuse to pay his notes. If fraudulent representations were really made, the more proper course for the defendant would be to file a bill in chancery for a rescission of the contract. In such a proceeding the equities of the parties could be more completely adjusted.

The judgment must be affirmed.

*Judgment affirmed.*