# JOHN P. LAFORGE

*v.*

# OWEN MATHEWS.

1. FAILURE OF CONSIDERATION—*plea of—notes given for price of land.* In an action upon promissory notes, the defendant pleaded that the consideration of the notes was the full price of a tract of land, which was described, sold by the plaintiff to the defendant; and that all the title the plaintiff had to the same was based upon a tax title, the patent title being outstanding in other parties, and therefore the consideration of the notes had failed to the extent of the difference between a title based on a tax title and one on a good and sufficient warranty deed: *Held,* on general demurrer, that the plea was clearly bad.

2. VENDOR AND VENDEE—*defense to payment of notes for the price of land.* A purchaser of land who receives a warranty deed for, and entered into possession of the same, and has held the same without molestation, can not resist the payment of notes given by him for the price on the ground that the vendor had no title to convey. He can not retain possession under the vendor's warranty of title, and at the same time lawfully refuse payment.

APPEAL from the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. WINKELMAN & SLATE, for the appellant.

Mr. WM. H. UNDERWOOD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, upon three promissory notes under seal, commenced by Owen Mathews against John P. Laforge, in the circuit court of Monroe county.

At the November special term, 1872, of the circuit court, the defendant filed the general issue, and two special pleas, as follows:

"And for further plea in this behalf, defendant says that the plaintiff ought not to have and recover of the defendant $300 of the said sum specified in the said three promissory notes in said declaration mentioned, because he says the consideration for which the said three promissory notes was given has, in part, failed; that the only consideration for which the said three promissory notes was given, was the full price of the premises hereafter described, to-wit: The east half of the south-east quarter of section 24, in township 3 south of range 10 west, containing 80 acres, more or less, sold by the plaintiff to the defendant at the time the said notes bear date; that at the time of said sale of the lands aforesaid, all of the title that the plaintiff had to said lands aforesaid was based upon a tax title; that the title in fee was in the heirs of one Bennett (patentee of said lands, deceased,) he having never conveyed, by deed or otherwise, during his life, any portion of said land heretofore described, nor has there been any conveyance of said lands aforesaid by his legal representatives since his death; wherefore the defendant says that the consideration of said three promissory notes in said declaration mentioned, to the extent of the sum of $300 each, has failed to the extent of the difference between a title based on a tax title and a title based on a good and sufficient warranty deed, and this the defendant is ready to verify; wherefore he prays judgment.

"And for further plea in this behalf, the defendant says *actio non*, because he says that the several causes of action in the several counts of said declaration mentioned are for the notes in first, second and third special counts in said declaration, and for no other cause whatever; and the defendant avers that said three promissory notes were executed and delivered to said plaintiff as part consideration for the execution of a warranty deed (of the same date as said notes),

executed by said plaintiff, purporting to convey to the defendant the following real estate. to-wit: the east half of the southeast quarter of section twenty-four (24), in township 3 south of range 10 west, containing 80 acres, more or less, in 'fee simple, with general covenants of warranty; that said plaintiff. at the *execution* of said *notes* and *deed* aforesaid, was well seized of said described premises as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law, and in fee simple, and had good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form as in and. by said deed provided. And the defendant avers that neither at the time of the making of said notes, the execution of said deed aforesaid, nor at any time since, has the said plaintiff been the owner of said land, or well seized of the same, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law and in fee simple, and had not at any time since a good right, full power and lawful authority to grant, bargain, sell and convey the said premises in manner and form aforesaid; but, on the contrary, the said plaintiff had not, nor has not at any time since had, right or title to the said premises whatever. And the defendant further avers that the title to the said premises was the sole and the only consideration of said promissory notes; wherefore, by reason of said plaintiff not having any title to the said premises, the consideration of the said notes has wholly and entirely failed. And this the defendant is ready to verify; wherefore he prays judgment."

To each of the special pleas a general demurrer was filed, which was sustained by the court.

Upon the trial of the cause judgment was rendered in favor of plaintiff for $975 debt and $166.82 damages. From this judgment defendant appealed.

The only error complained of is the sustaining of the demurrer to the two special pleas.

The first special plea nowhere avers that the plaintiff contracted with the defendant to convey the land by warranty

deed. It nowhere avers that a warranty deed was made or ever agreed to be made. The plea does not aver that any particular title was to be conveyed. No fraud or deceit is alleged. For aught that appears by this plea, the defendant got of the plaintiff the very title he contracted for. If this be true, he certainly had no cause for complaint.

If all the facts set out in the plea were true, and their truth is admitted by the demurrer, they would not constitute a legal defense to the notes sued upon.

The second special plea is somewhat contradictory. In the first part of it the pleader avers that the three promissory notes were executed and delivered to plaintiff as a part consideration for the execution of a warranty deed. In the concluding part of the plea the pleader avers that the title to the premises was the sole and only consideration for the promissory notes.

It is not clear, from the plea, which of the two defenses is attempted to be interposed. But be that as it may, the plea does aver that a warranty deed, with full covenants, was given the defendant by the plaintiff at the date of the execution of the notes.

There is no allegation in the plea as to the possession of the land. It is, however, but a fair and legitimate presumption, and in the absence of an averment to the contrary, the court will presume defendant entered into possession of the land under his deed, and still holds possession undisturbed.

The question, then, presented by the plea is, whether the defendant, who purchased the land and received a warranty deed, and entered into possession under the deed, and still holds possession undisturbed, can resist the payment of notes given for the purchase price of the land.

The same question arose in the case of *Vining* v. *Leeman*, 45 Ill. 246, and this court held in that case a plea like the one in this case not sufficient.

Indeed, it would be contrary to every principle of justice, to permit the purchaser to retain possession of the land, and

enjoy the rents and profits thereof, and not pay the purchase money.

We are of opinion that the demurrer was properly sustained to both pleas.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*