# PRENTISS D. CHENEY

*v.*

# THE CITY NATIONAL BANK OF CHICAGO.

1. SUMMONS—*sufficiency of motion to quash.* Where the first summons issued in a cause was returned "not found," and thereupon, within ten days of the commencement of the term, an alias summons was issued, returnable to the same term, which was served, and the cause continued, and the defendant, at the next term to which the cause was continued, moved the court "to quash the writ issued herein," which motion was over-ruled : *Held,* that the motion was defective in not specifying which writ was intended, and hence the question was not properly presented whether the second summons, issued within ten days of the term, should not have been made returnable to the next succeeding term.

2. PURCHASE MONEY—*existing incumbrance as a defense.* To an action upon a promissory note given for the purchase money of land, the defend-ant pleaded that the land was conveyed by warranty deed with full cov-enants ; that the land was not free of incumbrance, but was incumbered and charged with the payment of certain taxes, amounting to $448.40, which had not been paid, but were still a lien upon the land : *Held,* that the plea was bad on demurrer, as it failed to show that the grantee had paid the incumbrance, or had been disturbed in the possession of the land in consequence of the same.

3. Where the grantee of land under a deed covenanting against incum-brances, discharges an existing incumbrance for taxes on the land, he may, in a suit upon the note given by him for the purchase money, sus-tain a plea of partial failure of consideration.

4. REMITTITUR.   Where the plaintiff, after the adjournment of the court at which he recovers judgment for too large a sum, files a *remittitur* of the excess, and a similar one in this court, on appeal, with a request that it be acted upon under section 82 of the Practice Act of R. S. of 1874, this court will allow the same, and thus cure the error, if any.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, brought by the City National Bank of Chicago, against Prentiss D. Cheney, upon a promissory note given by the defendant to John Johnston, and by him assigned to the plaintiff.   The material facts and questions will appear in the opinion of the court.

Messrs. DUMMER & BROWN, for the appellant.

Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The appellant urges a reversal of the judgment of the circuit court upon three grounds:

*First.* For the reason the court overruled a motion to quash the summons.

*Second.* On the ground that a demurrer was sustained to appellant's second plea.

*Third.* The judgment rendered was for a larger amount than the declaration authorized.

It appears, from the record, that the suit was instituted on the 13th day of August, 1873. On the same day a summons was issued, returnable at a term of court to be begun and holden on the fourth Monday of September following, which would occur on the 22d day of September.

On the 20th day of September the summons was returned "defendant not found." On the same day another summons was issued, returnable on the fourth Monday of September, which was returned on the same day it was issued, served upon appellant.

On the first day of the term of court the cause was continued until the March term, 1874, at which term appellant appeared, and entered a motion, as the record shows, "to quash the writ issued herein."

Appellant claims that, under the Practice Act, the second summons having been issued less than ten days before the term of court commenced, the law required the summons to be returnable to the second term of court next succeeding the issue of the summons. .

Whether the construction of the statute contended for by appellant, is the correct one or not, it is unnecessary now to determine.

The motion which the record shows appellant made to

quash the writ, does not disclose which of the two writs was embraced in the motion.

Two writs had been issued. The motion appellant entered was "to quash the writ issued herein," which writ, we have no means whatever of determining. It is not claimed that the first writ was defective. If, then, the motion referred to it, no reason existed for the court to quash that writ; if, however, appellant's motion was intended to reach the second writ issued, he should have so framed his motion that the question would have been free from doubt.

This he has failed to do, and we do not feel disposed to reverse for an alleged erroneous decision of the circuit court which the record fails to show was in fact made.

The second plea, to which a demurrer was sustained, averred, in substance, that the promissory note sued upon was given for land in the State of Nebraska, which was conveyed by Johnston, the payee of the note, to appellant, by warranty deed with full covenants; that the land conveyed was not free of incumbrance, but was in fact incumbered and charged with the payment of certain taxes, amounting to $448.40, assessed against the land, which has not been paid, but is still a lien upon the lands; of all which appellee had notice when it acquired the note.

The question presented by this plea is, whether the purchaser of land, who receives a warranty deed with covenants against incumbrances, and who gives his notes in payment, can defeat payment on the ground that the land was incumbered, the vendee not having been disturbed in the possession, and he not having paid or discharged the incumbrance.

Had appellant discharged the incumbrance, the amount paid to clear the land might have been interposed under the plea of a partial failure of consideration.

But we are aware of no well considered authority which would sanction the right of appellant, where he has not been disturbed in the possession of the premises, and has not paid off the lien, to interpose the defense to an action brought

upon the note given for the purchase money. Had appellant sued Johnston upon the covenants in the deed without first paying the incumbrance, he could have recovered no more than nominal damages.

The question involved is not a new one in this court. The views here expressed are sustained by. *Willits* v. *Burgess*, 34 Ill. 494, and *Vining* v. *Leeman*, 45 Ill. 246.

We are, therefore, of opinion that the demurrer to the second plea was properly sustained.

The last point relied upon by appellant is, that the judgment was rendered for $75.65 more than appellee claimed by the declaration.

It is unnecessary to determine whether the statement in writing, upon the declaration, of the amount claimed by appellee, would, of itself, be conclusive, and that the judgment could in no case exceed that amount.

Appellee, after the adjournment of the circuit court, filed a *remittitur* of $75.65 from the judgment. A similar *remittitur* has also been filed in this court, with a request that it be acted upon under section 82, Revised Laws of 1874, page 784.

We will, therefore, allow the sum of $75.65 to be remitted from the judgment. In all other respects the judgment of the circuit court will be affirmed.

*Judgment affirmed.*