# William E. Baird
## v.
## Wesley Best.

1. Demurrer.—Where it was averred in the declaration that a certain party to whom a note was made and delivered, indorsed the same to appellee, and to the declaration appellant filed the general issue and two special pleas which were pleas of failure of consideration: *Held*, that the demurrer to such pleas was properly sustained.

2. Pleading.—As the third special plea is in strict compliance with section 34 of the Practice Act, the demurrer to it should have been overruled.

Appeal from the Circuit Court of Montgomery county; the Hon. W. R. Welch, Judge, presiding. Opinion filed September 21, 1883.

Mr. E. Lane, for appellant; that a party may recoup in an action upon a note given for land what he has been compelled to pay in order to remove an incumbrance upon the land, cited Schuchmann v. Knoebel, 27 Ill. 175; McDowell v. Milroy, 69 Ill. 500; Hawk v. McCulloch, 21 Ill. 221; Sedgwick on Damages, 174; 1 Sutherland on Damages, 106; Haight v. Hayt, 19 N. Y. 464; Yokum v. Thomas, 15 Ia. 69.

Messrs. Miller & McDavid, for appellee; as to double and contradictory pleas, cited Laforge v. Mathews, 68 Ill. 328; Vining v. Leeman, 45 Ill. 246.

A plea of failure of consideration must allege and show how the consideration failed with as much precision as the allegations in a declaration: Hough v. Gage, 74 Ill. 257; Poole v. Vanlandingham, Breese, 47; Bradshaw v. Newman, Breese, 133; Kinney v. Turner, 15 Ill. 182.

It is only where a party is beaten in a suit with the holder of the paramount title or is evicted by a superior or paramount title, that he can recover his attorney fees and costs as part of his damages: Harding v. Larkin, 41 Ill. 414.

Davis, J. This was an action of assumpsit brought by ap-

pellee, as assignee, to recover the last unpaid note of three notes of $233.33 each, given by appellant to Isaac Chapman, for a balance due on land purchased of him, and by him conveyed in fee, by warranty deed, to appellant.

In the declaration it was averred that Isaac Chapman, to whom the note was made and delivered, indorsed the same to appellee.

To the declaration, appellant filed the general issue and three special pleas. The first and second special pleas were pleas of failure of consideration, to which a demurrer was interposed and which demurrer was sustained by the court.

It is only necessary to say that in Laforge v. Mathews, 68 Ill. 328, and in Vining v. Leeman, 45 Ill. 246, similar pleas were held bad. We must therefore hold that the demurrer to such pleas was properly sustained.

The third special plea put in issue the assignment of the note to appellee, and was substantially, that the said Isaac Chapman did not make and execute the said assignment of the said promissory note to the said Wesley Best, as in the said declaration mentioned, and of this he puts himself upon the country.

To this plea appellant made oath that it was true in substance and fact.

We think this plea is in strict compliance with Sec. 34 of our Practice Act, which provides that " No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defense or set-off, or is admissible under the pleadings when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit." * * * Revised Statutes of 1874, page 779.

The demurrer to this plea should have been overruled, and for the error of the court below in sustaining it, the judgment, which was for appellee for $430, must be reversed and the cause remanded.

Judgment reversed.