## CHARLES GAGER
### v.
## JAMES H. EDWARDS.

*Real Property—Deed—Breach of Warranty—Mortgages—Foreclosure—Practice—Change of Venue.*

1. A petition for a change of venue after the first term in which it is alleged, as an excuse for failure to give the required notice, that the cause given did not come to the knowledge of the petitioner "until some days since, during this term of court," is insufficient.

2. Where the grantee in a warranty deed conveying premises subject to a prior mortgage, remains in undisturbed possession thereof, no suit to collect the debt secured, foreclose the mortgage, or evict him, having been brought, it is no defense to foreclosure proceedings upon his mortgage to secure purchase money, that the prior mortgage is an outstanding incumbrance unpaid and unsatisfied.

[Opinion filed January 4, 1888.]

IN ERROR to the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding.

Messrs. W. P. and R. T..Lightfoot, for plaintiff in error.

Mr. W. W. Barr, for defendant in error.

Green, P. J.   Defendant in error filed his bill in the court below to the August term, 1886, for the foreclosure of a mortgage executed by plaintiff in error March 1, 1886, to secure an indebtedness of $3,976.51 evidenced by his note of same date, payable in ninety days to defendant in error with eight per cent. interest from date, and said indebtedness was for the purchase money of the real estate mortgaged.   On August 13, 1886, Gager filed his answer to the bill, admitting the execution of the note and mortgage by him as alleged, but setting up as a defense that the consideration for said note and mortgage was the purchase money of said real estate; that on the same day the mortgage and note were so executed complainant conveyed, under said purchase, said real estate to defendant by general warranty deed; that there was then an incumbrance of mortgage on said real estate executed by complainant and defendant to Caroline Keiser, February 1, 1881, to secure $2,000 indebtedness, due in two years thereafter, with eight per cent. interest from that date, which said mortgage indebtedness had not been paid, or any part thereof, but is a lien on said premises subsisting prior to said deed, and the covenant of warranty therein was broken as soon as made, and defendant offered to set off the amount of the debt so due said Caroline Keiser against the amount of the debt secured by the mortgage to the complainant.

To this answer complainant filed a general replication August 17, 1886, and the cause was continued to the December term, 1886, during which term and on February 2, 1887, defendant filed his petition for change of venue, on account of the prejudice of the Judge, alleging therein that a knowledge of such prejudice did not come to him, "until *some days since*, during this term of court."   The court refused to order the change of venue, and on the same day, February 2, 1887, the cause was heard.   The court refused to allow the set-off claimed, but entered a decree for $4,268.12 in favor of com-

Gager v. Edwards.

plainant. To reverse this decree defendant below sued out this writ of error, and claims and insists said decree should be reversed upon two grounds.

First. Because the Circuit Judge denied the application for a change of venue.

Second. Because the court below refused to credit the amount of the debt secured by the Keiser mortgage upon the indebtedness due complainant, secured by the mortgage described in the bill.

The application for change of venue was not made until the second term of the court after the filing of the bill, and it does not appear that defendant below gave complainant any notice of his intention to make such application or that the knowledge of the alleged prejudice of the Judge came to the applicant within less than ten days before he made such application. Sec. 6, chapter entitled Venue, of our statutes, provides: "No application for a change of venue after the first term, shall be allowed, unless the party applying shall give to the opposite party ten days previous notice of his intention to make such application, except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application." In this case it is sought to cure the omission to give the notice required by averring in the petition, "the knowledge of such prejudice did not come to him, the petitioner, until *some days since*, during this term of court."

By the terms of the section quoted, the petitioner could only be excused from giving notice of his intended application by making it appear to the court that the cause he gave for the change of venue had arisen, or come to his knowledge, within less than ten days before making application. This he failed to do, but averred in his petition that during the December term (which commenced at least thirty days before said petition was filed) the prejudice complained of came to his knowledge, and some days then elapsed before he applied for a change of venue, but how many days had so elapsed is left to conjecture. The petition was clearly insufficient and the court properly denied the application for a change of venue.

The second ground relied on for reversal is equally untenable. It appears by the record, plaintiff in error, at the time of the hearing and during several years prior thereto, had been in possession of the mortgaged premises. He had paid no part of the mortgage debt due Caroline Keiser. No proceedings to collect the same or to foreclose her mortgage had been commenced, nor had any action been brought to evict plaintiff in error from said premises. Such being the facts, defendant below was not in a position to avail himself of the defense interposed. Where the purchaser and grantee in a warranty deed conveying premises on which there is a prior mortgage, remains in the undisturbed possession of the premises, and the mortgage debt is unpaid, and no suit has been brought to collect it or foreclose the mortgage, or to evict the purchaser, it is no defense in a foreclosure suit against him upon his mortgage given to secure the purchase money, that such prior mortgage is an outstanding incumbrance, unpaid and unsatisfied. Rawle on Covenants of Title, 3d Ed., pp. 135, 667, 685; 2 Jones on Mortgages, Sec. 1500; Cherry v. City Nat. Bank, 77 Ill. 502; Lafarge v. Mathews, 68 Ill. 328; Vining v. Leeman, 45 Ill. 247. An additional reason for denying the defense interposed has been suggested by counsel for defendant in error, viz., that by the covenants in his mortgage, Gager canceled the covenants in the deed made by Edwards to him on the same day, while, under the facts in this case, the Keiser mortgage was an incumbrance executed by said parties jointly to secure their joint note. It may be fairly held the covenants in the deed were not intended to and did not apply to that incumbrance. Yet, for the reasons we have given, it is clear the defense interposed could not avail defendant below. Hence further discussion of the point suggested by counsel for defendant in error seems to us unnecessary and the decree of the Circuit Court is affirmed.

*Decree affirmed.*